TAMILIA, Judge,
concurring:
I concur in the result and would remand for a review of the payment history of this case and the effect emancipation would have had as to each child at the time the child became emancipated. I would not place much emphasis on the laches theory propounded by the majority because self- *325 help in domestic relations does not create an estoppel nor should it defeat the right of the spouse to support of children. I would allow more freedom in the case of support of spouse alone. My reason for recommending caution in remitting arrears in this case is that pursuant to 23 Pa.C.S. § 4352(d), Arrears as judgments, it is provided:
On or after the date it is due, each and every support obligation shall constitute a judgment against the obligor by operation of law, with the full force, effect and attributes of a judgment of court, including the ability to be enforced, and shall be entitled as a judgment to full faith and credit in this or any other state.
Id. This section, coupled with section 4352(e), Retroactive Modification of arrears, discussed by the majority establishes unequivocally that laches and estoppel are unavailable and only emancipation shall be a defense to arrears — in effect, limiting the accrual of arrears by operation of law from the date of emancipation. The majority has recognized this and it is the sole basis for reconsideration. This, however, does not entirely resolve the issue. In this case, there was an unallocated Order of support in the amount of $60 per week for five children entered in 1971. As circumstances changed with each of the children, the father unilaterally reduced the Order. It goes without question the original $60 per week Order for five children was inadequate to meet their needs. It is, therefore, likely a court review on a petition for reduction would have resulted in no change initially. As the years passed by, with the effect of inflation and likely gradual increase in income, further changes in the number of children covered by the original Order would unlikely have resulted in a reduction and, if requested, could well have resulted in an increase.
Because of these reasons, upon remand I would leave it to the discretion of the trial judge, after review of the income of appellant and needs of the children remaining under the support Order, after each succeeding emancipation, to determine if retroactive reduction is justifiable and, if so, to what extent it is reasonable.